# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:12-CR-257-SDJ-CAN-2 |
| § | |
| TYRESE JERRELL SHELTON (2) § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 28, 2022, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by Anand Varadarajan.

On July 16, 2014, United States District Judge Marcia A. Crone sentenced Defendant to a term of ninety-six (96) months imprisonment followed by five (5) years of supervised release. *See* Dkt. 216. On June 30, 2015, Defendant's sentence of imprisonment was reduced to sixty-two (62) months pursuant to 18 U.S.C. § 3582(c)(2), with all other provisions of his judgement remaining in effect. *See* Dkt. 250. On May 15, 2017, Defendant completed his term of imprisonment and began serving the term of supervision.

On April 11, 2022, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 290). The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant shall refrain from any unlawful use of a controlled substance; (2) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; (3) Defendant shall

participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as Defendant is released from the program by the probation officer; (4) Defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer; (5) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; and (6) Defendant shall not commit another federal, state, or local crime.[1] *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

- On November 27, 2017, Defendant reported to the U.S. Probation Office and submitted a urine sample which tested positive for methamphetamine. Defendant subsequently admitted to using methamphetamine and signed an admission form stating such.
- On August 13, 2021, during an unannounced home visit, Defendant submitted a urine sample which tested positive for methamphetamine. Upon questioning, Defendant admitted to using methamphetamine and the specimen was subsequently confirmed positive by Abbott Laboratories. On September 8 and 17, 2021, Defendant reported to the U.S. Probation Office and submitted a urine sample which tested positive for methamphetamine. The specimens were subsequently confirmed positive by Abbott Laboratories.
- On October 1, 2021, Defendant provided a urine specimen at Addiction Recovery Center in Lewisville, Texas, that was presumptive positive for methamphetamine. The specimen was unable to be sent to the lab for confirmation because Defendant provided an insufficient amount of specimen for collection. As such, Defendant failed to participate in drug testing by failing to provide a sufficient urine amount for testing. Additionally, Defendant failed to report for drug testing at Addiction Recovery Center in Lewisville, Texas on February 7 and 12, 2018; August 18, 2021; September 11, 2021; October 1, 2021; and March 2, 2022.
- On September 29, 2021, Defendant was referred for weekly Cognitive Behavioral Group counseling and monthly individual substance abuse counseling at Addiction Recovery Center in Lewisville, Texas. Defendant failed to attend his scheduled treatment sessions on September 7 and 28, 2021; November 4 and 11, 2021; January 13 and 27, 2022; February 10 and 17, 2022; and the entire month of March 2022.
- Defendant failed to report in person to the U.S. Probation Office on August 3 and 16, 2021 and September 7 and 16, 2021 as directed. Defendant also failed to submit a monthly report via the electronic reporting system (ERS) within the first five days of each month as directed for the months of July, August, October, November and December 2017; January and April 2018; January and March 2019; October 2020; January, February, March, May, July, August, September, and October 2021; and January 2022.

---

[1] The Petition incorrectly titled allegation 6 as a duplicative allegation 5. *See* Dkt. 290 at 3. The Court refers to this allegation as allegation 6 throughout the Report and Recommendation.

- Following positive tests for methamphetamine in September 2021, Defendant acknowledged that he likely needed residential treatment. Defendant later advised that he was accepted for admission into the Greenhouse Treatment Center, a residential treatment program in Grand Prairie, Texas. On October 18, 2021, text messages were exchanged with Defendant, wherein Defendant stated he was still attending inpatient treatment. However, Greenhouse Treatment Centers provided information that Defendant was a detox only patient at their facility from October 5, 2021 through October 9, 2021.
- On March 10, 2022, Defendant committed the offense of Theft <$100, a Class C Misdemeanor, in violation of Texas Penal Code § 31.03(e)(1). According to the offense report provided by the Rockwall Police Department, Defendant was observed on Wal-Mart surveillance video failing to scan certain items at a self-checkout register and then placing the unpaid items in a Wal-Mart plastic sack and leaving the store. At the time of the hearing, the charge was still pending.

On July 28, 2022, the Court conducted a final revocation hearing on the Petition. *See* Dkt. 301. Defendant entered a plea of true to allegations one through five, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the United States Magistrate Judge. *See* Dkts. 301, 302. The Government moved to withdraw allegation 6, which the Court granted. *See* Dkt. 301. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 28, 2022 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, with no supervised release to follow. The Court further recommends Defendant be placed at the Federal Bureau of Prisons facility in Fort Worth, Texas, if appropriate.

**So ORDERED and SIGNED this 31st day of October, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE